UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

QUAN H. TRAN, individually and in behalf of
all other persons similarly situated,

                Plaintiff,

–against–    21 CV 80 (PKC) (RML)

HOAI 86TH INC. d/b/a PHO HOAI and
BRIAN NGO, jointly and severally,

                Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF CONSENT MOTION TO DISMISS

The plaintiff hereby moves, with the consent of the defendants, to dismiss this action, which includes claims under the Fair Labor Standards Act, with prejudice pursuant to Rule 4l(a)(2) of the Federal Rules of Civil Procedure.

The parties propose to settle this action and have executed a settlement agreement. The settlement agreement resolves all claims in the litigation. The settlement agreement provides for the defendants to pay $75,000.00.

In this action, the plaintiff claims that the defendants violated the Fair Labor Standards Act, Minimum Wage Act, and Wage Theft Prevention Act. The defendants deny these claims.

Employees cannot waive or settle claims under the Fair Labor Standards Act for unpaid minimum wages or overtime, except by settlements supervised by the Department of Labor or judicially-approved settlements of a civil action. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 203, 206 (2d Cir. 2015).

The plaintiff represents to the Court that the settlement agreement is fair to the plaintiff, reasonably resolves bona fide disagreements between the plaintiff and defendants about the merits

of the plaintiff's claims, and demonstrates a good faith intention by the parties that their claims for liability and damages be fully and finally resolved and not relitigated in the future.

In *Cheeks*, the Second Circuit did not reach the issue of whether the settlement in that case was worthy of approval. *See id.* at 203 n.3. Here, the parties believe the settlement agreement is fair and reasonable because: (1) the settlement was reached during mediation before the Court; and (2) the settlement agreement satisfies all the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2015).

The first *Wolinsky* factor examines "the plaintiff's range of possible recovery." *Id.* The second *Wolinsky* factor examines "the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses.'" *Id.* The third *Wolinsky* factor examines "the seriousness of the litigation risks faced by the parties." *Id.* The fourth *Wolinsky* factor examines "whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel.'" *Id.* The fifth *Wolinsky* factor examines "possibility of fraud or collusion." *Id.*

The plaintiff claims actual damages in this action of $56,857.84. Including liquidated and statutory damages, the total is $123,715.68, before prejudgment interest. Settling the parties' claims at this point will avoid continuing litigation costs for all parties. Had this action not settled, the parties would move forward with preparation for trial and trial. The facts of this case are largely in dispute, including the hours worked by and wages paid the plaintiff. Proof of these facts will depend on the credibility of the plaintiff and the defendants, and their witnesses, to the trier of fact, a substantial litigation risk for each side.

This agreement was reached by arms-length negotiation by the parties and their counsel. The plaintiff is represented in this action by the Law Office of Justin A. Zeller, P.C., a law firm

specializing in representing employees in wage and hour litigation. The defendants' counsel is experienced in representing businesses in wage and hour matters. There is no evidence of any fraud or collusion in this case between the parties to circumvent the wage and hour laws. The agreement was reached at a settlement conference before Your Honor.

The settlement agreement also resolves the plaintiff's attorney's fees and costs. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the Minimum Wage Act, N.Y. Lab. Law § 650, *et seq.*, and the Wage Theft Prevention Act, 2010 N.Y. Laws 564. These laws, in combination, provide to a prevailing party in a civil action an award of attorney's fees and costs. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1)–(2), 663(1); *see also Gurung v. Malhotra*, 851 F. Supp. 2d 583, 595 (S.D.N.Y. 2012). This award is mandatory. *See Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008).

The amount of attorney's fees to which a party is entitled is based on the presumptively reasonable fee, sometimes called the lodestar. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183, 189–90 (2d Cir. 2008). The presumptively reasonable fee is the product of the reasonable hours in the case and the reasonable hourly rate. *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

The reasonable hourly rate is determined by whether "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984). However, the Court may adjust the hourly rate to account for other case-specific variables, *Arbor Hill*, 522 F.3d at 184, including the factors set forth in *Johnson v. Georgia Highway Express, Inc.*:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of

employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved or the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability of the case;' (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983) (citing *Johnson*, 488 F.2d 714, 717–19 (5th Cir. 1974), abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 92–93 (1989); see also *Arbor Hill*, 522 F.3d at 186 n.3 (citing the *Johnson* factors). But the Court need not make separate findings as to all twelve *Johnson* factors. *Lochren v. Cnty. of Suffolk*, 344 Fed. App'x 706, 709 (2d Cir. 2009).

The Law Office of Justin A. Zeller, P.C., was incorporated in 2005. The sole shareholder of the law firm is Justin A. Zeller, an attorney who graduated law school in 2002 and has specialized in wage and hour law since 2005. Associated with the law firm is Brandon D. Sherr, who graduated law school in 2010, who has since been associated with this law firm and has specialized in wage and hour law, and John M. Gurrieri, who graduated law school in 2013 and then associated with this law firm, and who, while at this law firm, have specialized in wage and hour law.

"Courts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners [and] $100 to $300 per hour for associates." *D'Annunzio v. Ayken, Inc.*, No. 11 CV 3303, 2015 U.S. Dist. LEXIS 120795, at *6 (E.D.N.Y. Aug. 25, 2018), *adopted by* 2015 U.S. Dist. LEXIS 120793 (E.D.N.Y. Sept. 10, 2015).

Mr. Zeller's reasonable hourly rate has been considered in this district and he was found to be entitled to a rate of $350 per hour in 2018, 2017, and 2015, and $300 per hour in 2011. *See Alvarez*

4

*v. Nu Bella Nail & Spa I, Inc.*, No. 16 CV 5721, slip op. (E.D.N.Y. June 14, 2018), *adopted by* slip op. (E.D.N.Y. July 11, 2018); *Galicia v. 63-68 Diner Corp.*, No. 13 CV 3689, 2015 U.S. Dist. LEXIS 191532, at *6 (E.D.N.Y. Aug. 13, 2015); *Rodriguez v. Queens Convenience Deli Corp.*, No. 09 CV 1089, 2011 U.S. Dist. LEXIS 120478, at *16 (E.D.N.Y. Oct. 18, 2011).

Mr. Sherr's reasonable hourly rate has been considered in this district and he was found to be entitled to rates of $275 per hour in 2018, $300 and $275 per hour in 2017, and $225 and $300 per hour in 2015. *See Alvarez*, slip op., *Gonzalez-Diaz v. Daddyo's Mgmt. Grp. Inc.*, No. 16 CV 1907, 2017 U.S. Dist. LEXIS 185397, at *14 (E.D.N.Y. Nov. 7, 2017), *adopted by* 2017 U.S. Dist. LEXIS 205344 (E.D.N.Y. Dec. 12, 2017); *Duran v. Superior Cooling LLC*, No. 15 CV 7243, 2017 U.S. Dist. LEXIS 82249, at *20 (E.D.N.Y. May 10, 2017); *Patterson v. Copia NYC LLC*, No. 15 CV 2327, 2015 U.S. Dist. LEXIS 189029, at *18 (S.D.N.Y. Dec. 29, 2015); *Galicia*, 2015 U.S. Dist. LEXIS 191532, at *6.

Mr. Gurrieri's reasonable hourly rate has been considered in this district and he was found to be entitled to a rate of $225 in 2018, $250 and $225 per hour in 2017 and $175 per hour in 2015. *See Alvarez*, slip op.; *Gonzalez-Diaz*, 2017 U.S. Dist. LEXIS 185397, at *14; *Duran*, 2017 U.S. Dist. LEXIS 82249, at *20; *Galicia*, 2015 U.S. Dist. LEXIS 191532, at *5.

Certain of the *Johnson* factors are applicable in consideration of the reasonable hourly rate, specifically the customary fee, whether the fee is fixed or contingent, and the undesirability of the case. The plaintiff has entered into a contingent fee agreement with this firm. The agreement provides for a contingent fee of thirty-three percent and a backup hourly rate of $425 for work performed by Mr. Zeller, and $350 per hour for work performed by associates. It is the experience of this firm that wage and hour cases against small restaurant employers have a substantial risk that, even if ending in a judgment, the judgment will be uncollectable or very difficult to collect.

5

This is because small restaurant employers are frequently undercapitalized and have few valuable assets. Violations of the wage and hour laws also frequently indicate financial distress or insolvency. Law firms that represent employees in such cases on a contingent fee basis may never recover their attorney's fees or costs. The market rate for legal services for such clients is therefore higher because of these risks. This is such a case against a small restaurant employer. Accordingly, the reasonable hourly rate should be adjusted to reflect the contingent fee, the customary rate, and to compensate for the risk inherent in taking this case.

The plaintiff would have requested that the Court find reasonable hourly rates of $400 for Mr. Zeller, $350 for Mr. Sherr, and $300 for Mr. Gurrieri. These increases over the previous ranges are supported by increases in costs incurred in litigation practice and in the experience of counsel since a court last considered their reasonable hourly rates. (Although courts in this district have granted *Cheeks* motions in which this firm has asked for these higher rates, the opinions have not expressly addressed these rates.)

To determine the reasonableness of the hours, a party seeking an award of attorney's fees must submit contemporaneous time records indicating the hours and the nature of the work done. *See Lewis v. Coughlin*, 801 F.2d 570, 577 (2d Cir. 1986); *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983); *Puglisi v. Underhill Park Taxpayer Ass'n*, 964 F. Supp. 811, 817 (S.D.N.Y. 1997).

The plaintiff includes herewith the contemporaneous time records of the plaintiff's counsel. The included description with each entry corresponds to the descriptions in the American Bar Association's Uniform Task-Based Management System, a broadly recognized system of documenting hours. Courts even recommend its use for motions for attorney's fees. *See Albion Pac. Prop. Res., LLC v. Seligman*, 329 F. Supp. 2d 1163, 1174 (N.D. Cal. 2004); *Yahoo!, Inc. v. Net*

*Games, Inc.*, 329 F. Supp. 2d 1179, 1189 (N.D. Cal. 2004) ("Although the court considers plaintiff's data in the manner presented, the American Bar Association's "Litigation Code Set" provides a more uniform methodology for categorizing requested hours. *See* American Bar Association ("ABA"), Uniform Task-Based Management System Information, *available at* [https://www.americanbar.org/groups/litigation/resources/uniform_task_based_management_system/]. The ABA template commends itself to parties applying for fee awards."). Similar productions by the plaintiff's counsel of such contemporaneous time records have been found by the Court to be "complete." *Palacios*, 2013 U.S. Dist. LEXIS 112676, at *18–19. Mr. Zeller's hours in this action are 10.1, Mr. Sherr's, 6.5, and Mr. Gurrieri's, 23.1.

The 39.7 total hours sought are reasonable, appropriately delegated among the involved attorneys requisite to their experience, and necessary to the litigation of this action. The plaintiff would have been entitled to an attorney's fees award, based on the presumptively reasonable rate, of $13,245.00.

Additionally, the plaintiff's costs total $3,129.61, and include $402.00 for filing fees, $196.00 for service of process, $675.00 for mediation, $1,477.61 for court reporters at depositions, and $504.00 for interpreting. These expenses were prepaid by the plaintiff's counsel.

The total of attorney's fees based on the presumptively reasonable rate and costs is $16,374.61. The proposed allocation of $28,129.61 therefore is reasonable. Nothing additional is to be paid by the plaintiff to the plaintiff's counsel. The proposed allocation was negotiated and agreed to between the plaintiff and the plaintiff's counsel. It represents a contingent fee of thirty-three percent, and a lodestar multiplier of 1.9, within the range typically found reasonable by this court.

For the foregoing reasons, the parties request the Court find the settlement agreement to fairly compromise the plaintiff's claim under the Fair Labor Standards Act and approve the settlement agreement as fair and reasonable, and dismiss this action with prejudice.

LAW OFFICE OF JUSTIN A. ZELLER, P.C.

By: _____
Brandon D. Sherr
bsherr@zellerlegal.com
Justin A. Zeller
jazeller@zellerlegal.com
277 Broadway, Suite 408
New York, N.Y. 10007-2036
Telephone: (212) 229-2249
Facsimile: (212) 229-2246
**ATTORNEYS FOR PLAINTIFF**

Dated: New York, New York
       May 19, 2023